# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| SCRIPSAMERICA, INC., *et al.*, ) | Case No. 16-11991 (JTD) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| CHARLES A. STANZIALE, JR., Chapter ) | |
| 7 Trustee of SCRIPSAMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 18-50717 (JTD) |
| ) | |
| KMJ CORBIN & COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The Chapter 7 Trustee of ScripsAmerica, Inc., Charles A. Stanziale, Jr. ("Trustee") filed this adversary proceeding against auditor KMJ Corbin & Company ("KMJ"). KMJ performed an audit of ScripsAmerica's ("SCRC") financial statements for 2014. The Trustee alleges three counts: Breach of Contract, Negligence, and Breach of Fiduciary Duty. KMJ filed a Motion to Dismiss the Adversary Complaint (the "Motion")[1], D.I. 9. For the reasons stated below, the Court dismisses the Third Count: Breach of Fiduciary Duty, with prejudice.[2]

---

[1] The Motion filed by KMJ is titled "Motion to Dismiss the Adversary Complaint," however the body of the Motion refers only to dismissing the Third Count of the Complaint.

[2] The Trustee requested in his papers that if the Court dismissed Count Three that it would be without prejudice to amend the Complaint to add a count for aiding and abetting a breach of fiduciary duty. The issue of amending to add a new count is not before the Court and will be addressed if, and when, the issue arises.

## JURISDICTION

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

Venue is proper pursuant to 28 U.S.C. § 1409(a). This action is brought as an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001.

## STANDARD OF REVIEW

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would be entitled to relief." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will be dismissed if, after accepting all well-pled facts as true and resolving all inferences in favor of the plaintiff, the court finds no entitlement to relief. *Id.* (citing *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir. 2009)).

## BACKGROUND

SCRC is a Delaware corporation, organized in 2008. (Compl. ¶ 5). SCRC gained control of Main Avenue, a compounding pharmacy in October 2014. *Id.* at ¶¶ 13, 14. Main Avenue's financial results were reported on a consolidated basis with SCRC. *Id.* at ¶ 14. Typically, Main Avenue obtained referrals for prescriptions from independent third-party marketers, which were paid for by the patient's health insurance company or through a pharmacy benefit manager. *Id.* at ¶ 15. SCRC and Main Avenue paid out over

$20,000,000.00 to marketers in 2014, payments which were recorded in their financial records. *Id.* at ¶¶ 16, 18.

Main Avenue's facility was the subject of a search and seizure warrant issued by the District of New Jersey on June 6, 2016, and largely shut down operations soon after. *Id.* at ¶¶ 52, 53. SCRC filed for Chapter 11 protection on September 7, 2016. (D.I. 1) The case was converted to Chapter 7 on February 8, 2017 (D.I. 217) and Charles Stanziale, Jr. was appointed as the Chapter 7 Trustee on February 9, 2017. (D.I. 219).

KMJ was engaged to audit SCRC's 2014 financial statements on July 31, 2015. (Compl. at ¶ 30). KMJ issued its report ("Report") on January 29, 2016. *Id.* at ¶ 41). The Trustee alleges that KMJ "failed to disclose the material fact that payments by SCRC and Main directly or indirectly to marketers for purposes of inducing referrals of prescriptions, were flagrant, repetitive and knowing violations of federal and state law constituting criminal acts" and that "[t]he payments and payee entities . . . were all reflected in the books and records of SCRC and Main." *Id.* at. ¶¶ 36, 37. Further, the Trustee alleges that KMJ should have investigated "substantial irregularities" that were reported to Main Avenue in 2014 by Optum RX and CVS Caremark in regards to billing, violation of agreements, and unauthorized shipments. *Id.* at ¶ 39. KMJ's Report expressed an unqualified positive opinion. *Id.* at ¶ 51.

The Trustee puts forth three counts in its Complaint: (1) that KMJ breached its contract with SCRC by failing to conduct the audit in accordance with applicable standards; (2) that KMJ was negligent in that it breached its duty to apply applicable standards to its audit thereby causing damages to SCRC; and (3) that KMJ breached its

fiduciary duty as an auditor to exercise due care, damaging SCRC. KMJ filed the Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting as a matter of law that KMJ owed no fiduciary duty to SCRC.

## DISCUSSION

The Trustee alleges that KMJ, in its capacity as auditor of SCRC's financial statements, assumed a fiduciary duty to SCRC, and breached that duty by failing to disclose violations of law that were material to the Audit Committee of SCRC. (Compl. ¶¶ 65, 66). Further, the Trustee alleges that KMJ was on notice of a lack of proper internal controls (from the prior auditor) (Compl ¶ 12) and had ample experience auditing compounding pharmacies. In addition, SCRC argues that "reliance may substitute for control under Delaware law as a basis for a claim of fiduciary duty." *Id.*

KMJ asserts that the breach of fiduciary duty claim lacks merit as there is no fiduciary relationship between an auditor and the entity being audited. "Indeed, an auditor's role is the antithesis of the control required to create a fiduciary relationship." (Mot. to Dismiss at 4, D.I. 9). The Court agrees with the Defendant.

A claim for breach of fiduciary duty must include factual allegations sufficient to conclude that a fiduciary relationship existed between the parties, and that the defendant breached that duty. *Stewart v. Wilmington Trust SP Services, Inc.*, 112 A.3d 271, 297 (Del. Ch. 2015). A fiduciary relationship exists where one party places special trust in another, or where there is a special duty to protect the interests of another. *In re BMT-NW Acquisition, LLC*, 562 B.R. 846, 862 (Bankr. D. Del. 2018). "Inherent in the fiduciary relationship, 'which derives from the law of trusts,' is that the fiduciary exercises control

4

over the property of another, and by virtue of that control, is obliged to act with care and loyalty to interests of the beneficial owner." *Stewart v. Wilmington Trust,* 112 A.3d at 297.

A fiduciary relationship can exist where the interests of the fiduciary and the beneficiary are perfectly aligned. *Crosse v. BCBSD, Inc.,* 836 A.2d 492, 495 (Del. 2003). However, except in very unusual circumstances, which are not alleged here, the interests of an auditor and the entity being audited are necessarily divergent. "In normal circumstances, an auditor's interests do not align perfectly with those of the client; in order to properly discharge its 'watchdog' function, the auditor must 'maintain total independence from the client at all times.'" *Stewart v. Wilmington Trust,* 112 at 297-98 (citing *U.S. v. Arthur Young & Co.,* 465 U.S. 805, 818 (1984). An independent auditor "assumes a public responsibility transcending any employment relationship with the client." 465 U.S. at 817. Further, an auditor does not possess the control or dominance that usually accompanies a fiduciary. *In re USA Cafes, L.P. Litigation*, 600 A.2d 43, 48 (Del. Ch. 1991) and *Stewart v. Wilmington Trust,* 112 A.3d at 297-98 (Del. Ch. 2015).  The Complaint fails to allege any facts upon which it can be reasonably concluded that KMJ exerted any control sufficient to create a fiduciary relationship.

The Trustee's reliance argument is equally unpersuasive, and his cited cases are inapposite. The first case, *Legatski v. Bethany Forest Association*, held that a fiduciary relationship existed between homeowners and the contractor they hired to build their home as to an inadequately designed and constructed septic system. *Legatski v. Bethany Forest Association*, No. 03C-10-011-RFS, 2006 WL 1229689 * 6 (Del. Super. Ct. Apr. 28, 2006) ("Plaintiffs gave total control to Defendants, and therefore created a special

5

relationship"). The second, *Milford Packing Co. v. Isaacs*, found that a fiduciary relationship exists between a pickle processor and the cold storage warehouseman when the warehouseman sells goods entrusted to him to pay accrued storage charges. *Milford Packing Co. v. Isaacs*, 90 A.2d 796, 800 (Del. Super. Ct. 1952) ("[The Delaware Warehouse Receipts Act] imposes upon [the warehouseman] the two-fold duty of obtaining the best price possible for the goods of the depositor, when sold to satisfy the warehouseman's lien, and acting for the benefit of the depositor or his assigns with respect to the residue of the proceeds of such sale . . ."). The Complaint does not allege any facts that would support a finding that KMJ assumed total control or that SCRC relied upon KMJ beyond the ordinary auditor/client relationship. Assuming all well-pled facts in the Complaint as true and resolving all inferences in favor of the Plaintiff, the Court finds no basis to conclude that a fiduciary relationship existed between SCRC and KMJ.

## CONCLUSION

For the foregoing reasons, the Court hereby dismisses the Third Count of the Complaint, with prejudice. The Court will enter an order giving effect to its ruling.

Dated: October 9, 2019

_____
JOHN T. DORSEY, U.S.B.J.